UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
:
In re: : Chapter 7
:
SHAWN ANGELA BYLES, : Case No. 23-42798 (JMM)
:
:
Debtor. :
:
------------------------------------------------------------------ x
SHAWN ANGELA BYLES, :
: Adv. Pro. No.:
:
:
Plaintiff, : **AMENDED COMPLAINT FOR A**
: **DECLARATORY JUDGMENT**
-against- : **DETERMINING THAT**
: **CERTAIN TAX LIABILITIES**
THE UNITED STATES OF AMERICA : **ARE DISCHARGABLE**
TREASURY DEPARTMENT, :
INTERNAL REVENUE DIVISION AND :
NEW YORK STATE DEPARTMENT OF :
TAXATION AND FINANCE :
:
Defendant. :
-----------------------------------------------------------------x

SHAWN BYLES ("Plaintiff" or "Debtor"), by her attorneys Cullen and Dykman LLP, hereby makes this complaint (the "Complaint") against the United States of America (Treasury Department), Internal Revenue Service Division and New York State Department of Taxation and Finance and, in support thereof, respectfully alleges the following upon information and belief:

## JURISDICTION

1. The United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") has jurisdiction over this adversary proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 157 (b)(2)(I) and 1334 and the United States District Court for the Eastern District of New York's Amended Standing Order of Reference.

2. Plaintiff filed a voluntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on August 4, 2023 (the "Petition Date") in the Bankruptcy Court to commence the above-captioned chapter 7 case (the "Chapter 7 Case").

3. On the Petition Date, Debtor also filed her Schedules of Assets and Liabilities (the "Schedules" at Dkt. No. 1) and Statement of Financial Affairs.

4. This Adversary Proceeding is commenced pursuant to sections 106(a), 505(a), 523(a), 507(a)(8), and of the Bankruptcy Code and Rules 7001(6) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. In addition, through this Adversary Proceeding, Plaintiff requests that the Bankruptcy Court issue a declaratory judgment pursuant to 28 U.S.C. § 2201(a).

6. This Adversary Proceeding is a core proceeding under 28 U.S.C §§ 157(b)(2)(I), and this Court has jurisdiction to hear and determine this proceeding and to enter a final order and judgement herein. In the event that this Court or any other court finds any part of this Adversary Proceeding to be "non-core", this Court has "non-core" concurrent jurisdiction over this proceeding under 28 U.S.C. §1334 because the relief sought herein relates to the Chapter 7 Case and will have a material impact on the administration of Debtor's estate.

7. Plaintiff consents to entry of final orders and judgments by this Court in this Adversary Proceeding pursuant to Bankruptcy Rule 7008. Plaintiff also consents to entry of final orders or judgments by this Court if it is determined that this Court, absent consent of parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8. Venue is proper pursuant to 28 U.S.C §§ 1408 and 1409 because this Adversary Proceeding arises in and is related to this Chapter 7 Case.

## THE PARTIES

9. Plaintiff is the Debtor in this Chapter 7 Case.

10. Defendant, The United States of America Treasury Department, is being sued in its capacity as Internal Revenue collector; specifically the Agency known as the Internal Revenue Service (the "IRS").

11. Defendant, New York State, is being sued in its capacity as New York State Department of Taxation and Finance ("NYS").

## FACTUAL ALLEGATIONS

12. The IRS asserts that Plaintiff is liable on account of income tax debt for the calendar years of 2012 through 2015 (collectively referred to as the "Federal Tax Claim") as set forth in the chart below:

| Kind of Tax | Taxpayer | Tax Period Ended | Date of Assessment | Unpaid Balance as of Assessment |
|---|---|---|---|---|
| 1040 | Shawn Byles | 12/31/2012 | 10/17/2016 | $75,078.82 |
| 1040 | Shawn Byles | 12/31/2013 | 10/10/2016 | $6,661.34 |
| 1040 | Shawn Byles | 12/31/2014 | 10/10/2016 | $134,166.33 |
| 1040 | Shawn Byles | 12/31/2015 | 10/17/2016 | $151,251.97 |

13. On or about August 6, 2018, the IRS filed a Notice of Federal Tax Lien dated as of July 26, 2018 in the amount of $367,158.46.

14. On or about July 19, 2021, the IRS filed a Certificate of Release of Federal Tax Lien dated as of June 25, 2021.

15. The federal income taxes referenced above continue to accrue interest and penalties and, as of the Petition Date, it is estimated that $522,951.17 is due on account of 1040 income taxes and resulting interest and penalties in the form of the Federal Tax Claim.

16. In the years since the Federal Tax Claim was levied, Plaintiff has paid in excess of $60,000 to the IRS to reduce the amount of the Federal Tax Claim in connection with two separate Offers in Compromise (the "OICs"), each of which was rejected by the IRS without explanation.

17. NYS asserts that Plaintiff is liable on account of income tax debt for the tax period ended 2015 in the amount of $47,368.21 (the "NYS Tax Claim").

18. Plaintiff has timely filed and paid all income taxes assessed against her for the tax years ending 2016 through present.

## COUNT 1
## DISCHARGE OF FEDERAL INCOME TAX FOR
## TAX YEARS 2012 THROUGH 2015

19. Plaintiff repeats and realleges the statements and allegations set forth in paragraphs 1 through 18 and incorporates such paragraphs into this Count 1.

20. On the Petition Date, Plaintiff filed her Schedules which listed the Federal Tax Claim on Schedule F (creditors holding unsecured nonpriority claims).

21. The due date for the filing of each of the tax returns for the tax years 2012 through 2015, comprising the tax years subject to the Federal Tax Claim, occurred more than three (3) years prior to the Petition Date, and thus the Federal Tax Claim is not (i) accorded priority status under 11.U.S.C. § 507(a)(8)(A)(i) or (ii) excepted from discharge under 11 U.S.C. §523(a)(1)(A).

22. The IRS assessed the income taxes comprising the Federal Tax Claim more than two hundred forty (240) days prior to the Petition Date, and there are no OICs pending or affecting the discharge of the foregoing income taxes, and thus the Federal Tax Claim is not (i) accorded priority status under 11 U.S.C. §507(a)(8)(A)(i) or (ii) excepted from discharge under 11 U.S.C. § 523(a)(1)(A).

23. The tax returns for the tax years comprising the Federal Tax Claim were filed more than two (2) years prior to the Petition Date and, therefore, the Federal Tax Claim is not excepted from discharge pursuant to 11 U.S.C. §523(a)(1)(B).

24. Plaintiff did not make a fraudulent tax return or engage in a willful attempt to evade or defeat the taxes comprising the Federal Tax Claim and, therefore, the Federal Tax Claim is not excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C).

25. For the foregoing reasons, none of the grounds for excepting the tax liabilities of Plaintiff from discharge under 11 U.S.C. § 523(a) are present. Accordingly, as a matter of law, the debts for the income taxes, penalties, and interest comprising the Federal Tax Claim are subject to being discharged.

**COUNT 2**
**DISCHARGE OF NEW YORK STATE INCOME TAX FOR TAX YEAR 2015**

26. Plaintiff repeats and realleges the statements and allegations set forth in paragraphs 1 through 25 above and incorporates such paragraphs into this Count 2.

27. On the Petition Date, Plaintiff filed her Schedules which listed the NYS Tax Claim on Schedule F (creditors holding unsecured nonpriority claims).

28. The due date for the filing of the tax return for the 2015 tax year, which is the tax year subject to the NYS Tax Claim, occurred more than three (3) years prior to the Petition Date, and thus is not (i) accorded priority status under 11.U.S.C. § 507(a)(8)(A)(i) or (ii) excepted from discharge under 11 U.S.C. §523(a)(1)(A).

29. NYS assessed the income taxes comprising the NYS Tax Claim more than two hundred forty (240) days prior to the Petition Date, and there are no OICs pending or affecting the discharge of the foregoing income taxes, and thus the NYS Tax Claim is not (i) accorded priority status under 11 U.S.C. §507(a)(8)(A)(i) or (ii) excepted from discharge under 11 U.S.C. § 523(a)(1)(A).

30. The tax return for the 2015 tax year comprising the NYS Tax Claim was filed more than two (2) years prior to the Petition Date and, therefore, the NYS Tax Claim is not excepted from discharge pursuant to 11 U.S.C. §523(a)(1)(B).

31. Plaintiff did not make a fraudulent tax return or engage in a willful attempt to evade or defeat the taxes comprising the NYS Tax Claim and, therefore, the NYS Tax Claim is not excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C).

32. For the foregoing reasons, none of the grounds for excepting the tax liabilities of Plaintiff from discharge under 11 U.S.C. § 523(a) are present. Accordingly, as a matter of law, the debts for the income taxes, penalties, and interest comprising the NYS Tax Claim are subject to being discharged.

## COUNT 3
## SETTING ASIDE OF TAX LIENS, IF ANY

33. Plaintiff repeats and realleges the statements and allegations set forth in paragraphs 1 through 32 above and incorporates such paragraphs into this Count 3.

34. Plaintiff believes that the IRS and NYS may have filed one or more tax liens against Plaintiff.

35. Any such tax liens, to the extent they exist, may cloud title to any of the Plaintiff's exempt property and may further cloud title to any property hereinafter acquired by Plaintiff.

36. To the extent such liens cloud title to Plaintiff's property on account of a debt that is to be discharged in this Chapter 7 Case, such liens should be set aside.

37. Therefore, upon a determination by this Court that (i) the tax obligations set forth in Count 1 and Count 2 are not excepted from discharge and (ii) such tax obligations are dischargeable, any liens based upon such tax obligations should be set aside and deemed of no further effect.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order determining that none of the grounds for excepting Plaintiff's income tax debt for the tax periods ending on December 31, 2012, 2013, 2014, and 2015 exist, determining that such tax debt is dischargeable, entering an order discharging Plaintiff's liability for such tax debt, avoiding any tax liens that may exist or hereafter come into existence for the subject tax years as a result of such tax debt, and granting such further relief as the Court deems just and proper.

Dated: Uniondale, New York
      August 28, 2023

CULLEN AND DYKMAN LLP

By:   */s/Matthew G. Roseman*
Matthew G. Roseman, Esq.
The Omni Building
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
(516) 357-3700
Email: mroseman@cullenllp.com

*Counsel to Plaintiff Shawn Byles*